HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERALD JOHNSON,

                Plaintiff,

    v.

DR. DEVON KIENZLE,

                Defendants.

Case No.  2:25-cv-02138-RAJ

ORDER

ORDER – 1

## I.    INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Gerald Johnson's Application for Court-Appointed Counsel (the "Application," Dkt. # 9) and subsequent Motion for Appointment of Counsel (the "Motion," Dkt. # 12).  Defendant Dr. Devon Kienzle did not file a response.  The Court has reviewed the Application and Motion, the balance of the record, and the governing law.  For the reasons set forth below, the Court **DENIES** the Application and Motion.

## II.    DISCUSSION

Plaintiff asks the Court to appoint counsel in this civil rights action arising under 42 U.S.C. § 1983, alleging that the defendant's conduct violated the Eighth Amendment.  Dkt. # 7 at 5.  Plaintiff was grated leave to proceed *in forma pauperis* in this action.  Dkt. # 6.  Under 28 U.S.C. § 1915(e)(1), courts have "discretion to 'request' appointment of counsel for litigants proceeding *in forma pauperis* in 'exceptional circumstances.'" *Chan v. Ryan*, No. 22-cv-1796, 2023 WL 197429, at *1 (W.D. Wash. Jan. 17, 2023).  In assessing whether a plaintiff has shown "exceptional circumstances" warranting the appointment of counsel, courts consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1986).

Neither factor weighs in Plaintiff's favor.  First, the Court cannot find that Plaintiff's claim is likely to be meritorious based on the "undeveloped, limited record before it." *Chan*, 2023 WL 197429, at *2 (citing *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021)).  Plaintiff's Complaint appears to allege a § 1983 action against a physician on the basis of medical malpractice, and Plaintiff "has not otherwise provided any compelling arguments or evidence that this case is likely to succeed on the merits." *Id.* (citing *Ralls v. Facebook*, No. C16-0007-

ORDER – 2

JLR, 2016 WL 10591399, at *2 (W.D. Wash. Apr. 25, 2016)); *see generally* Dkt. # 7. Additionally, this action does not appear to involve legal or factual issues that are sufficiently complex to preclude Plaintiff from articulating his claims *pro se*. *Chan*, 2023 WL 197429, at *2. The Ninth Circuit has held that a litigant faces a "high bar to show that the legal issues involved are sufficiently complex, and that he is therefore impeded in his ability to present his case." *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020). Plaintiff's Complaint sets forth a claim for "medical neglect" and a violation of the Eighth Amendment based on the defendant's alleged failure to perform his medical "duty." Dkt. # 7 at 9. These theories are not "exceptionally complex" such that Plaintiff is hindered from adequately articulating his claims *pro se*. *Munywe v. Dier*, No. 3:21-CV-05431-BJR-JRC, 2022 WL 4466156, at *1 (W.D. Wash. Sept. 26, 2022); *cf. Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (*pro se* prisoner's complaint raised a "triple complexity" requiring legal skill to distinguish non-actionable *Bivens* case from potentially meritorious Federal Tort Claims Act case).

While Plaintiff asserts that he is unable to afford counsel, Dkt. # 12 at 1, his financial circumstances do not justify the appointment of counsel in the absence of exceptional circumstances" as set forth in *Weygandt*. 718 F.2d at 954. Additionally, while Plaintiff indicates that he has attempted to contact "over 30 attorneys in 6 months," Dkt. # 9 at 2, Plaintiff's "difficulty obtaining counsel does not amount to a showing of exceptional circumstances warranting court-appointed counsel." *Arenas v. Inslee*, No. 19-CV-5339-RJB, 2019 WL 3387333, at *3 (W.D. Wash. July 26, 2019). Finally, although Plaintiff contends that "counsel would better enable Plaintiff to present evidence and cross examine witnesses" at a potential trial, Dkt. # 12 at 1, the fact "[t]hat a *pro se* litigant may be better served with the assistance of counsel is not the test." *Steiner v. Hammond*, No. C13-5120 RBL/KLS, 2013 WL 3777068, at *2 (W.D. Wash. July 16,

ORDER – 3

2013) (citing *Rand v. Roland,* 113 F.3d 1520, 1525 (9th Cir.1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir.1998)).  The Court therefore finds that exceptional circumstances do not exist to justify the appointment of counsel at this time.  Plaintiff may renew his request for court-appointed counsel at a later time if circumstances change.

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Application for Court-Appointed Counsel and Motion for Appointment of Counsel.  Dkt. ## 9, 12.

Dated this 9th day of April, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4