HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD JOHNSON,<br>Plaintiff,<br>v.<br>DR. DEVON KIENZLE,<br>Defendant. | Case No. 2:25-cv-02138-RAJ<br>ORDER |

## I. INTRODUCTION

THIS MATTER comes before the Court on the Motion to Dismiss (the "Motion to Dismiss," Dkt. # 44) filed by Defendant Devon Kienzle, DO ("Dr. Kienzle"), two Motions to Redact or Seal filed by Plaintiff Gerald Johnson (collectively, the "Motions to Seal," Dkt. ## 29, 31), and the Motion Requesting Appointment of Counsel separately filed by Plaintiff (the "Motion to Appoint Counsel," Dkt. # 40). The Court has reviewed the foregoing motions, the submissions filed in support thereof and opposition thereto, the balance of the record, and the governing law. For the reasons set forth below, the Court **DENIES** the Motion to Appoint Counsel, **GRANTS** the Motions to Seal, and

**GRANTS** the Motion to Dismiss. This action is **DISMISSED WITHOUT PREJUDICE**.

## II. BACKGROUND

Plaintiff is proceeding *pro se* and *in forma pauperis*. Dkt. # 6. In his complaint (the "Complaint," Dkt. # 7) Plaintiff alleges that Dr. Kienzle, in his capacity as a Family Doctor at Darrington Family Medicine, a Skagit Regional Health clinic, failed to provide Plaintiff with adequate medical treatment in response to his repeated complaints of severe chest pain. Dkt. # 7 at 2–4. As a result, Plaintiff sought a second opinion, whereupon he received a diagnosis of coronary artery disease requiring coronary artery bypass surgery. *Id.* at 4. Plaintiff alleges that Defendant's conduct amounts to "total 'medical neglect'" and asserts a claim under 42 U.S.C. § 1983 premised on a violation of the Eighth Amendment. Dkt. # 7 at 5, 9.

## III. LEGAL STANDARD

### a. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In analyzing a motion to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Conclusory allegations and unreasonable inferences, however, are insufficient to defeat a motion to dismiss." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

**b. Motion to Seal**

In determining whether to seal judicial records, a court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption in favor of public access to records by meeting the compelling reasons standard. *Id.* at 1178.

**c. Motion to Appoint Counsel**

Under 28 U.S.C. § 1915(e)(1), courts have "discretion to 'request' appointment of counsel for litigants proceeding *in forma pauperis* in 'exceptional circumstances.'" *Chan v. Ryan*, No. 22-cv-1796, 2023 WL 197429, at *1 (W.D. Wash. Jan. 17, 2023). In assessing whether a plaintiff has shown "exceptional circumstances" warranting the appointment of counsel, courts consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1986).

## IV. DISCUSSION

**a. Motion to Appoint Counsel**

In April 2026, this Court entered an Order denying Plaintiff's previous requests for a court-appointed attorney. Dkt. ## 9, 12, 33. The instant Motion to Appoint Counsel does not advance any new facts warranting the relief Plaintiff seeks. *See* Dkt. # 40. Accordingly, the Court denies the Motion to Appoint Counsel for the reasons articulated in its April 2026 Order. Dkt. # 33.

**b. Motions to Seal**

Plaintiff's Motions to Seal appear to relate to the medical records filed in March 2026, which were administratively filed under seal pursuant to Federal Rule of Civil

Procedure 5.2(a) and Local Rule of Civil Procedure 5.2 due to the inclusion of personal identifiers. *See* Dkt. ## 27 (document filed by Plaintiff Gerald Johnson entitled "Medical Records"), 29 (first Motion to Seal), 31 (second Motion to Seal). The form Motions to Seal variously request the sealing of the records in full and/or the redaction of personal information included therein. *See* Dkt. # 29 at 2 (requesting that the document be sealed and redacted); Dkt. # 31 at 2 (requesting the redaction of "personal information including . . . SSN"). The Court finds that Plaintiff's "privacy interest in his own medical records" are "a sufficiently compelling reason" to seal the medical records. *Johnsen v. Tambe*, No. 19-141-TSZ-MLP, 2019 WL 4014256, at *2 (W.D. Wash. Aug. 26, 2019) (granting motion to seal medical records filed in support of § 1983 claim). Accordingly, the Medical Records filed by Plaintiff shall remain under seal. Dkt. # 27.

**c. Motion to Dismiss**

To state a claim under § 1983, a plaintiff must allege: (1) a violation of a right secured by the Constitution and the laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "While generally not applicable to private parties, a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

Plaintiff's Complaint fails at the first step of this inquiry. His § 1983 claim purports to hinge on a violation of the Eighth Amendment, on the basis that Defendant's inadequate medical care reflected "extreme reckless disregard for Plaintiff's life" and caused Plaintiff to suffer "intentional infliction of emotional distress." Dkt. # 7 at 5. Under the "Injuries" section of the Complaint form, Plaintiff adds that Defendant "violat[ed] Plaintiff's right to be free from 'cruel and unusual punishment.'" *Id.* at 8.

The Eighth Amendment's prohibition on cruel and unusual punishment, however, applies to persons convicted of crimes. *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.") Plaintiff does not allege that he was convicted, or indeed even charged, with any crime at the time of the medical treatment giving rise to his putative § 1983 claim. *See generally* Dkt. # 7. His Complaint, therefore, does not implicate any right "secured by the Constitution" or any federal law. *West*, 487 U.S. at 48.[1] Although the Court is also skeptical that Plaintiff has plausibly pled state action by Dr. Kienzle, the Court need not reach this inquiry due to Plaintiff's failure to satisfy the first step of the two-part framework governing § 1983 claims.[2]

Plaintiff's Complaint separately (albeit informally) appears to raise state law claims sounding in medical malpractice, negligence, and intentional infliction of emotional distress. *See, e.g.*, Dkt. # 7 at 2 (citing "medical malpractice"), 5 (referencing "intentional infliction of emotional distress"), 8 (claiming "medical neglect"). Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction

---

[1] In his preemptive response to the Motion to Dismiss, Plaintiff argues that Defendant "improperly relies on factual disputes," and correctly notes that the Court must accept Plaintiff's factual allegations as true at this stage of the litigation. Dkt. # 42 at 4–5; *Knievel*, 393 F.3d at 1072. The Court is uncertain as to which facts Plaintiff believes Defendant is attempting to dispute. In any case, the Court need not consider any disputed facts to resolve the Motion under Rule 12(b)(6), because, for the reasons discussed *supra*, the Complaint is simply devoid of allegations establishing a violation of Plaintiff' Eighth Amendment rights.

[2] Because the Court determines that Plaintiff's § 1983 claim is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court declines to reach Defendant's argument that the claim is "obviously frivolous" and should therefore be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1). *See* Dkt. # 44 at 5 (discussing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).

over state law claims if: (1) the claims raise novel or complex issues of state law; (2) the claims substantially predominate over the claim over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *Mendoza v. City of Vancouver*, 269 F. Supp. 3d 1087, 1110 (W.D. Wash. 2017), *aff'd*, 745 F. App'x 768 (9th Cir. 2018). Here, Plaintiff's negligence and malpractice claims substantially predominate over his putative § 1983 claim, which the Court has dismissed. *See, e.g.*, Dkt. # 42 at 3 (preemptively opposing dismissal on the grounds that "Plaintiff has adequately stated claims for medical negligence"). The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Appoint Counsel, Dkt. # 40, **GRANTS** Plaintiff's Motions to Seal, Dkt. ## 29, 31, and **GRANTS** Defendant's Motion to Dismiss, Dkt. # 44. This action is **DISMISSED WITHOUT PREJUDICE**.

Dated this 7th day of October, 2026.

The Honorable Richard A. Jones
United States District Judge